UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Matthew Hinks | Sara Ugaz |

**Proceedings:**   DEFENDANT CITY OF LOS ANGELES' MOTION TO DISMISS
(Dkt. 14, filed November 17, 2016)

## I.    INTRODUCTION

On September 22, 2016, plaintiff Sullivan Equity Partners, LLC filed the instant action against defendants City of Los Angeles ("City") and Does 1–50, inclusive.  Dkt. 1 ("Compl.").  Plaintiff asserts six claims against defendants: (1) denial of procedural and substantive due process, pursuant to 42 U.S.C. § 1983; (2) violation of the Excessive Fines Clause of the Eighth Amendment, pursuant to 42 U.S.C. § 1983; (3) violation of the Equal Protection Clause, pursuant to 42 U.S.C. § 1983; (4) slander of title; (5) petition for a writ of mandate, pursuant to California Code of Civil Procedure § 1094.5; and (6) declaratory relief.  Id.  Plaintiff, a real estate development company, concedes that it improperly removed three trees from a property that it was developing, in violation of Los Angeles Municipal Code §§ 46.00 et seq.  Compl. ¶¶ 34–41.  After a public hearing, the City's Bureau of Street Services ("Bureau") revoked plaintiff's building and grading permits and imposed a five-year moratorium on the issuance of future building permits as a penalty for plaintiff's violation of the municipal code.  Id. ¶ 94.  The Board of Public Works ("Board") upheld this decision on appeal.  Id. ¶ 104. The gravamen of plaintiff's complaint is that the two administrative hearings were shams because members of the Bureau and the Board were biased against plaintiff.

On November 17, 2016, the City filed a motion to dismiss plaintiff's complaint for failure to state a claim on which relief may be granted, dkt. 14-1 ("Motion"), and a request for judicial notice, dkt. 14-4 ("RJN").  On December 9, 2016, plaintiff filed its opposition to the City's motion, dkt. 18 ("Opp'n"), and an objection to the City's request for judicial notice, dkt. 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

## II.   BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is a real estate development company that owns two vacant lots ("Properties") in the Sullivan Canyon area of the City of Los Angeles. Compl. ¶¶ 10–12. According to plaintiff, the development of the Properties has been the subject of considerable acrimony in the community. Id. ¶ 13. On July 24, 2014, plaintiff obtained building, grading, and retaining wall permits to construct a single family home on one of the Properties. Id. ¶ 14.

Plaintiff also sought and obtained a tree permit, which allowed the removal of 56 protected trees. Id. ¶ 32. Los Angeles Municipal Code ("LAMC") §§ 46.00 et seq. regulates the removal and relocation of protected trees. Id. ¶ 17. Section 46.01 defines protected trees as any Oak, Southern California Black Walnut, Western Sycamore, or California Bay tree of a certain size. Id. No protected tree may be removed or relocated absent a permit from the Board or its designated officer or employee. Id. ¶ 18. If a protected tree has been removed or relocated in violation of LAMC § 46.00, LAMC § 46.06 sets forth punishments that may be imposed by the City following quasi-judicial administrative hearings. Id. ¶ 20. LAMC § 46.06 is known as the "Scorched Earth Ordinance." Id. Among the available punishments, the Bureau may request that the Superintendent of Building withhold issuance of building permits and revoke existing building permits issued for construction that has not commenced. Id. ¶ 21. Prior to the application of such a punishment, the Bureau must notify the property owner in writing of its intent to act under LAMC § 46.06 and provide the owner a hearing and an opportunity to submit written evidence. Id. ¶ 22. In determining the applicable punishment, LAMC § 46.06(c) provides that the Bureau shall consider the following factors: the number of trees removed or relocated, the size and age of those trees, the knowledge and intent of the property owners with respect to removal or relocation, and prior violations of the law with respect to removal and relocation of protected trees. Id. ¶ 23. A property owner may appeal the decision of the Bureau to the Board, pursuant to LAMC § 46.06(d). Id. ¶ 24. A final determination by the Bureau or Board is recorded with the County Recorder within ten days of that determination. Id.

Before the Board issued a tree permit to plaintiff, Ron Lorenzen, then the City Assistant's Chief Forester, issued a memorandum to the City's Environmental Review

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|----------|----------------------|------|-----------------|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

Unit stating that the tree removals that plaintiff sought were necessary to allow for reasonable development of the site.  Id. ¶ 28.

After receiving the tree permit, plaintiff hired Ricardo Gonzalez to remove the 56 protected trees covered by the permit.  Id. ¶ 34.  On September 9, 2014, Gonzalez and his employees removed trees from the property that he had identified as permitted for removal.  Id. ¶¶ 35–36.  However, Gonzalez incorrectly removed three trees that were not covered by plaintiff's permit.  Id. ¶ 37.

After the removal of the trees, neighbors opposed to plaintiff's development of the Properties were upset that the plaintiff's tree permit had been issued without notice to them.  Id. ¶ 39.  One individual submitted a complaint to his City Councilmember, Mike Bonin, suggesting that the removals were not permitted or improperly permitted.  Id. ¶ 42.  After a series of emails between Bonin and City officials, Board President Kevin James confirmed that a tree removal permit was granted.  Id. ¶ 46.  According to plaintiff, political pressure mounted from a neighborhood opposition group and from prominent politicians.  Id. ¶¶ 48, 55.  Opponents from the neighborhood, former and current public officials, and a famous actor submitted letters and emails to, inter alios, Bonin and a member of his staff, Mayor Eric Garcetti and members of his staff, the City Attorney, and a City Project Planner.  Id. ¶¶ 56–65.

On September 22, 2015, Gideon Kracov—counsel for the Sullivan County Property Owners Association—sent an email to James demanding that the Department of Public Works perform another site inspection of the Properties.  Id. ¶ 70.  Plaintiff alleges, based on information and belief, that Lorenzen—at that point, Assistant Director of Street Services—inspected the Properties on December 7, 2015 and discovered the three errors that Gonzalez made.  Id. ¶ 75.  Lorenzen reported this finding to James in an email on December 8, 2015 and set out three options for responding to the violation.  Id. ¶¶ 75–76.  On December 9, 2015, Greg Good—Director of Infrastructure for the Office of the Mayor—emailed James and stated: "Again, this is amazing – and you have several options.  What are you thinking at this point?"  Id. ¶ 79.  Plaintiff alleges that Good was referring the discovery of the Gonzalez errors.  Id.  On December 10, 2015, in an email to Lorenzen, Bonin's Chief of Staff, Chad Molnar stated that Bonin strongly believed that the City should revoke all permits for plaintiff's project, given the violation.  Id. ¶ 81.  In response, Lorenzen stated that he was "in agreement."  Id. ¶ 82.  On December 15, 2015, Molnar emailed James, saying that Bonin felt "strongly that we need to quickly move

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

ahead with revoking these permits" and that Lorenzen "is working through the process with the City Attorney." Id. ¶ 83. Molnar also stated that he understood that James "wanted to help with this as well." Id. Also on December 15, 2015, Debbie Dyer Harris, District Director for Bonin, sent an email to Molnar and another member of Bonin's staff, stating that Harris had received a call from the Greg Spotts, Assistant Director at the Bureau. Id. ¶ 85. Spotts reportedly told Harris that Bonin's office "wants to implement the scorched earth policy to prevent the builder from building on the site for ten years." Id. Molnar responded to Harris: "Yes, this is true. Mike feels strongly that we need to revoke all building and construction permits, and ban new permits for ten years. I will call him." Id. ¶ 86.

Plaintiff received a Notice of Administrative Hearing on December 20, 2015, indicating that three trees had been removed without a permit and that the Bureau intended to act pursuant to LAMC § 46.06. Id. ¶¶ 39, 87.

A hearing was scheduled before the Bureau on February 12, 2016. On February 10, 2016, plaintiff's attorney submitted a letter to the Board in advance of the hearing stating that the removal of the three trees was an unintentional error, that plaintiff was unaware of the error prior to the Bureau notice, that plaintiff has never improperly removed protected trees previously, and that the circumstances did not warrant the application of the "Scorched Earth" penalty. Id. ¶ 88. Plaintiff's counsel volunteered additional mitigation and replacement measures. Id. Plaintiff also submitted sworn declarations from the arborist, property owners, and site supervisor stating that the removal was unintentional, and that there was no benefit to be gained by the removal because the three trees had not blocked access or otherwise interfered with plaintiff's development plans. Id. ¶ 89.

On February 11, 2016, Molnar wrote to a "Project opponent" stating that she "personally sat down with Urban Forestry to discuss this hearing . . . and they are fully aware of CM Bonin's expectation that the department will hold the applicant accountable for the removal of the protected trees."[1] Id. ¶ 90.

On February 12, 2016, the hearing before the Bureau of Street Services took place, before Lorenzen, who served as the hearing officer. As plaintiff describes it, Lorenzen is

---

[1] The City's Urban Forestry Division is a division within the Bureau of Street Services. Compl. ¶ 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

the very same individual who recommended the issuance of the permits, was publicly scrutinized for it, acted as the City's lead investigator into the matter, "schemed" with a representative of the Mayor's office to come after plaintiff, and was "in agreement" that the plaintiff's building permits should be revoked. Id. ¶ 91. Plaintiff therefore alleges that the hearing was a sham and the result preordained. Id. During the hearing plaintiff presented evidence that the removal of the three non-permitted trees was accidental and proposed mitigation measures. Id. ¶ 92.

On March 14, 2016, the Bureau issued its determination, recommending the invocation of the "Scorched Earth Ordinance." Id. ¶ 93. Specifically, the Bureau recommended that the Department of Building and Safety revoke all existing building permits, suspend existing building permits, and suspend issuance of any new building permits on the properties for five years. Id. The Bureau's primary findings were that: (1) three of the protected trees on the Properties were removed improperly; (2) plaintiff "had implemented a comprehensive process to ensure that only those trees permitted to be removed would in reality be removed"; and (3) because trees were improperly removed in spite of these measures, plaintiff intended to willfully removed the three non-permitted trees. Id. ¶ 95. The Bureau further concluded that the three trees "were not removed by accident but intentionally to provide better access to the property or in some other fashion enable easier development." Id. ¶ 97. Plaintiff alleges that this finding cannot be sustained because "*all* of the evidence . . . was to the contrary." Id.

According to plaintiff, the revocation of existing building permits and a five-year moratorium on new permits means that any future development of the Properties would have to comply with the City's new hillside ordinance. Id. ¶ 98. The new hillside ordnance does not allow for the design and size of the homes that plaintiff planned for the Properties. Id. Therefore, the revocation and suspension of plaintiff's building permits kills their planned project. Id.

On April 12, 2016, plaintiff timely appealed the Bureau determination to the Board of Public Works. In advance of the hearing on plaintiff's appeal, Lorenzen prepared a staff report recommending that the Board deny plaintiff's appeal. Id. ¶ 102.

On June 24, 2016, the Board heard plaintiff's appeal and voted to uphold the determination. Id. ¶ 104. James, president of the Board, presided over the hearing and made the motion to deny the appeal. Id. ¶¶ 101, 105. Plaintiff alleges that James was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

biased against plaintiff and plaintiff's project, and had pre-committed to ensure that the appeal was denied.  Id. ¶ 101.  According to plaintiff, James was "politically motivated to clear the name of the Department that had issued the tree permit in the first place[.]"  Id.  In addition, James and other members of Department staff failed to disclose their "*ex parte* communications."  Id. ¶ 104.

As a result of the hearings before the Bureau and the Board, plaintiff's building permits have been revoked and the City refuses to issue any new permits for the Properties and will not do so five years from the date of the City's determination.  Id. ¶ 106.  The City has recorded its determination against the Properties.  Id.

## III.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | | Date | January 9, 2016 |
|---|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | | |

plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity."  See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).  "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim."  Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

## IV.   DISCUSSION

### A.   Plaintiff's Procedural and Substantive Due Process Claims

As a result of the City's alleged conduct, plaintiff first claims that it has been deprived of procedural due process because Lorenzen and James were biased against plaintiff and its development of the Properties.  Compl. ¶ 110.  According to plaintiff, Lorenzen and James had pre-committed to deciding the matter against plaintiff and were personally embroiled in the controversy.  Plaintiff contends that LAMC § 46.06, the "Scorched Earth Ordinance," is unconstitutional on its face and as applied to plaintiff given the lack of procedural due process.  Id. ¶ 111.  Plaintiff also argues that the City violated plaintiff's substantive due process rights to be free from arbitrary and capricious government conduct.  Id. ¶¶ 112–13.

The City argues that plaintiff's due process claims fail as a matter of law.  Motion at 12.  With respect to plaintiff's procedural due process claim, the City argues that only two forms of bias violate an individual's procedural due process rights: (1) personal – where the decisionmaker has a "direct, person, substantial pecuniary interest in the proceedings," and (2) institutional – when the decisionmaker has a strong motive "to rule in a way that would aid the institution."  Id. at 13 (quoting Alpha Epsilon Phi Tau Chapter Housing Ass'n v. City of Berkeley, 114 F.3d 840, 844 (9th Cir. 1997)).  The City contends that plaintiff does not allege a cognizable claim for *personal bias or embroilment* because Lorenzen and James did not have a pecuniary interest in the outcome of plaintiff's proceedings and there is not allegation of personal attacks, abuse, or criticism between the parties.  Motion at 14.  The City also argues that plaintiff fails to allege a claim for *institutional bias* because plaintiff does not allege how ruling against plaintiff aids the City.  Id. at 16.  By contrast, plaintiff contends that the appearance or probability of bias can be demonstrated through "any combination of the following: (1) a direct personal, pecuniary interest in the outcome; (2) personal embroilment in the controversy; (3) an adjudicator's involvement in the prosecutorial process; (4) pre-commitment to the outcome of the case; or (5) evidence of institutional bias."  Opp'n at 8.  Plaintiff asserts that it has sufficiently alleged facts to support its allegations of bias and pre-commitment.  Id. at 9.

Under the Due Process Clause of the Fourteenth Amendment, the government cannot deprive a person of "life, liberty, or property" without due process of law.  U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

Const. amend, XIV. The principle that "a fair trial in a fair tribunal is a basic requirement of due process . . . applies to administrative agencies which adjudicate as well as to courts." Withrow v. Larkin, 421 U.S. 35, 46 (1975) (citation and quotation marks omitted). "[A] biased decisionmaker [is] constitutionally unacceptable." Id. In Withrow, the Supreme Court stated that cases in which the adjudicator "has a pecuniary interest in the outcome" or "has been the target of personal abuse or criticism from the party before him" are "*among* the[] cases" in which "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." Id. The Ninth Circuit has clarified that Due Process requires the recusal of a judge for the appearance of bias when a judge: (1) has a "direct, personal, substantial pecuniary interest" in the outcome; (2) becomes "embroiled in a running, bitter controversy" with a party; or (3) participates as "part of the accusatory process." Crater v. Galaza, 491 F.3d 1119, 1131 (9th Cir. 2007) (quotation marks omitted). In addition, when considering whether a medical board was biased against a complainant, the Ninth Circuit concluded that "[b]ias exists where a court has prejudged, or reasonably appears to have prejudged, an issue." Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir. 1992); see also In Re Yagman, 796 F.2d 1165, 1182 (9th Cir. 1986) ("[T]he negative bias or prejudice of the kind alleged here will disqualify only if it is an attitude or state of mind that belies an aversion or hostility of a kind or degree that a fair-minded person could not entirely set aside when judging certain persons or causes."). Plaintiff alleges that, prior to its first hearing, Lorenzen stated that he was "in agreement" that the Bureau should revoke all permits for plaintiff's Properties. Compl. ¶¶ 81–82. In addition, plaintiff alleges that James communicated to Bonin that James wanted to help with the revocation of plaintiff's permits. Id. ¶ 83. Construing the complaint in a light most favorable to plaintiff and drawing all reasonable inferences from plaintiff's allegations, the Court finds that plaintiff has adequately alleged that Lorenzen and James pre-judged the outcome of plaintiff's case and that Lorenzen and James were negatively biased, rather than "wholly disinterested." See In re Murchison, 349 U.S. 133, 137 (1955). As a result, the Court concludes that plaintiff adequately pleads a claim for the violation of its procedural due process rights.

The City argues that plaintiff has not adequately pled that its substantive due process rights were violated because the Bureau's decision to revoke and suspend plaintiff's permits was directly related to the City's commitment to protecting native woodlands and, therefore, a rational exercise of government authority. Motion at 18–20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|----------|----------------------|------|-----------------|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

The right to substantive due process under the Fourteen Amendment "bar[s] certain government actions regardless of the fairness of the procedures used to implement them." Daniels v. Williams, 474 U.S. 327, 331 (1986); see also Zinermon v. Burch, 494 U.S. 113, 125 (1990) (noting that substantive due process violations are actionable under § 1983). This substantive component "guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." Sinaloa Lake Owners Ass'n v. City of Simi Valley, 864 F.2d 1475, 1483 (9th Cir. 1989). "[W]here, as here, the plaintiffs rely on substantive due process to challenge governmental action that does not impinge on fundamental rights, we do not require that the government's action actually advance its stated purposes, but merely look to see whether the government could have had a legitimate reason for acting as it did." Halverson v. Skagit Cty., 42 F.3d 1257, 1262 (9th Cir. 1994) (quotation marks omitted). However, where plaintiff raises a substantive due process claim related to the deprivation of property through government regulation, "motions to dismiss and motions for summary judgment must be viewed with particular skepticism." Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 920 F.2d 1496, 1508 (9th Cir. 1990) (finding that plaintiff's affidavit, alleging that the defendant "arbitrarily and unreasonably limited use and development of [a] property . . . whereas owners of comparable property . . . were not subjected to these conditions and restrictions," was sufficient to overcome the defendant's motion for summary judgment); see also GTE MobilNet of California Ltd. P'ship v. City & Cty. of San Francisco, No. 3:05-cv-04056-SI, 2006 WL 294796, at *1 (N.D. Cal. Feb. 7, 2006). "The importance of the specific facts and circumstances relating to the property and the facts and circumstances relating to the governmental action militate against summary resolution in most cases." Del Monte, 920 F.2d at 1508. As a result, the Court cannot conclude at this stage that plaintiff's substantive due process claim fails to state a claim on which relief may be granted.

Accordingly, the Court **DENIES** the City's motion to dismiss plaintiff's due process claims.

## B.    Plaintiff's Excessive Fines Claim

Second, plaintiff claims that the revocation of its permits amounts to an excessive fine under the Eighth Amendment to the U.S. Constitution because the punishment was grossly disproportionate to the offense with which plaintiff was charged, especially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|----------|------------------------|------|-----------------|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

because plaintiff's conduct was unintentional.  Compl. ¶ 120.  The City argues that plaintiff's excessive fines claim fails as a matter of law because an excessive fine under the Eighth Amendment must be cash or an in kind payment directly imposed by, and payable to, the government.  Motion at 20–21.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const., amend. VIII.  "The Excessive Fines Clause limits the [government's] power to extract payments, whether in cash or in kind, as punishment for some offense" and "cuts across the division between the civil and the criminal law."  Wright v. Riveland, 219 F.3d 905, 914 (9th Cir. 2000) (citations and quotation marks omitted).  The Supreme Court has explained that the Excessive Fines Clause "was intended to limit only those fines directly imposed by, and payable to, the government."  Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 268 (1989).

The penalty imposed on plaintiff—the revocation of existing permits and a moratorium on future permits—is neither cash nor an in kind payment.  In addition, plaintiff was not forced to make any payment to the City as a punishment for plaintiff's violation of the municipal code.  The Court therefore concludes that plaintiff has failed to state a claim for the violation of the Excessive Fines Clause.  The Court **GRANTS** the City's motion with respect to plaintiff's second claim and **DISMISSES** that claim without prejudice.

### C.    Plaintiff's Equal Protection Claim

Third, plaintiff claims that the City deprived plaintiff of equal protection of the laws because the City discriminated against plaintiff by imposing an unprecedented penalty that it has not imposed on similarly situated parties without a rational basis.  Compl. ¶¶ 127–29.

Under 42 U.S.C. § 1982, "an equal protection claim can in some circumstances be sustained even if [the plaintiffs have] not alleged class-based discrimination, but instead claim [they have] been irrationally singled out as a so-called 'class of one.'"  Gerhart v. Lake County, 637 F.3d 1013, 1021 (9th Cir. 2011) (quoting Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601 (2008).  Plaintiff does not allege that it is a member of a protected class.  Therefore, "[i]n order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the City intentionally, and without rational

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

basis, treated the plaintiff differently from others similarly situated." <u>N. Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008).

The City argues that the plaintiff may not raise an equal protection claim under the class-of-one doctrine because that doctrine does not apply to state action that involves discretionary decisionmaking.  Motion at 22; <u>see</u> <u>Towery v. Brewer</u>, 672 F.3d 650, 660 (9th Cir. 2012) ("The class-of-one doctrine does not apply to forms of state action that 'by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.'" (quoting <u>Engquist</u>, 553 U.S. at 603)).  The City contends that the Bureau and Board exercised discretionary authority based on subjective determinations, such as the credibility of witnesses and the weighing of the evidence. Motion at 22.  The City also points to <u>Shin v. Board of Public Works</u>—in which the Los Angeles County Superior Court upheld the Board's decision to withhold building permits from the Shins for ten years after the Shins cut down six protected trees, RJN Ex. A—to demonstrate that the City has imposed Section 46.06 against similarly situated property owners.[2]  Motion at 22.  Plaintiff, in turn, argues that the Supreme Court has not categorically barred class-of-one equal protection claims in the context of discretionary state action.  Opp'n 20–21.  Plaintiff further contends that whether an action is so discretionary as to bar a class-of-one-claim is a question of fact that is inappropriate for resolution on a motion to dismiss.  <u>Id.</u> at 21.

The Court agrees that determining whether state action is so discretionary as to bar a class-of-one claim "turns on the context of the particular case."  <u>Bldg. 11 Inv'rs LLC v. City of Seattle</u>, 912 F. Supp. 2d 972, 984 (W.D. Wash. 2012).  Nonetheless, as stated above, in order to state a claim, plaintiff must sufficiently allege that it was (1) intentionally treated differently from others similarly situated; and (2) that there is no rational basis for the difference in treatment.  <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000).  "With respect to the differential treatment element, a plaintiff must demonstrate that the level of similarity between plaintiff and the persons with whom they compare themselves must be extremely high."  <u>Solis v. City of Fresno</u>, No. 1:11-cv-00053-AWI, 2011 WL 5825661, at *7 (E.D. Cal. Nov. 17, 2011) (quotation marks

---

[2] The City has requested that the Court take judicial notice of the Superior Court's decision in <u>Shin v. Board of Public Works</u>, RJN Ex. 26 (dkt 14-11).  However, the Court does not rely on <u>Shin</u> or the other material submitted by the City.  The Court therefore declines to reach the City's request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|----------|------------------------|------|------------------|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

omitted); see also Wilson v. City of Fresno, No. 1:09-cv-0887-LJO-SMS, 2009 WL 3233879, at *7 (E.D. Cal. Oct. 2, 2009) ("To succeed, plaintiffs 'must demonstrate that they were treated differently than someone who is *prima facie* identical in all relevant respects.'" (quoting Purze v. Vill. of Winthrop Harbor, 286 F.3d 452, 455 (7th Cir. 2002))).  Here, plaintiff has not identified *any* individual or entity with whom it can be compared, let alone demonstrated that other individuals are identical in all relevant respects.  Accordingly, plaintiff's equal protection claim fails to state a claim on which relief may be granted.  See Vinatieri v. Mosley, 787 F. Supp. 2d 1022, 1031 (N.D. Cal. 2011) (plaintiff challenging police failure to arrest neighbor who assaulted him failed to state an equal protection claim when he failed to explain "to whom he was similarly situated"), aff'd, 532 F. App'x 762 (9th Cir. 2013); Buchanan v. Maine, 469 F.3d 158, 178 (1st Cir. 2006) ("Plaintiffs claiming an equal protection violation must first identify and relate *specific instances* where persons *situated similarly in all relevant aspects* were treated differently, instances which have the capacity to demonstrate that [plaintiffs] were singled . . . out for unlawful oppression." (quotation marks omitted)).  The Court therefore **GRANTS** the City's motion to dismiss plaintiff's equal protection claim and **DISMISSES** that claim without prejudice.

### D.    Plaintiff's Slander of Title Claim

Fourth, plaintiff claims that the City unlawfully recorded its determination against the Properties, and as a result the City disparaged and impaired plaintiff's title to and interests in the Properties.  Compl. ¶¶ 136–37.  The City argues that plaintiff's slander of title claim fails as a matter of law because, in California, public entity liability is entirely governed by statute.  Motion at 23; see Cal. Gov. Code § 815.  Plaintiff does not oppose this portion of the City's motion.

Slander of title is a tort that "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes the owner thereof some special pecuniary loss or damage." Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC, 205 Cal. App. 4th 999, 1030 (2012) (quotation marks omitted).  The City is correct that, under the Government Claims Act, Cal. Gov't Code § 815, there is no common law tort liability for public entities in California; instead, such liability must be based on statute.  Section 815 "establishes that all governmental tort liability must be based on statute, and California courts have held that plaintiffs must plead the statutory basis for liability." Mahach-Watkins v. Depee, No. 3:05-cv-1143-SI, 2005 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

1656887, at *2 (N.D. Cal. July 11, 2005).  Because plaintiff fails to plead a statutory basis for the City's liability for slander of title, the Court concludes that plaintiff has failed to adequately state this claim.  Accordingly, the Court **GRANTS** the City's motion to dismiss plaintiff's slander of title claim and **DISMISSES** this claim without prejudice.

### E.    Plaintiff's Request for a Writ of Mandate

Fifth, plaintiff's claim for a writ of mandate seeks judicial review of the City's administrative decision to revoke plaintiff's existing permits.  In matters involving "any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal, corporation, board, or officer," a writ of mandate shall issue if the agency "proceeded without, or in excess of, jurisdiction;" failed to provide "a fair trial;" or commits "any prejudicial abuse of discretion."  Cal. Civ. Proc. Code § 1094.5.  Plaintiff alleges that the City failed to provide a fair hearing and that the City's decision to revoke plaintiff's building permits amounted to an abuse of discretion because the decision was not supported by the City's findings and the City's findings were not supported by substantial evidence.  Compl. ¶¶ 145–48.

The Court has already concluded that plaintiff has adequately pleaded its claim that it was denied due process on the basis of unfair hearings.  Accordingly, the Court also concludes that plaintiff has adequately stated a claim for a writ of mandate on the basis of an unfair hearing.

To determine whether there is an abuse of discretion, the Court must first determine which standard of review to apply.  Section 1094.5 "does not establish any single standard for judicial review of the evidentiary basis for agency determinations." Bixby v. Pierno, 481 P.2d 242, 246 (Cal. 1971).  Rather, it establishes two.  Section 1094.5 provides that:

(b) . . . Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

Where it is claimed that the findings are not supported by the evidence, *in cases in which the court is authorized by law to exercise its independent*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|----------|----------------------|------|-----------------|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

> *judgment on the evidence*, abuse of discretion is established if the court
> determines that the findings are not supported by the weight of the evidence.
> *In all other cases*, abuse of discretion is established if the court determines
> that the findings are *not supported by substantial evidence* in the light of the
> whole record.

Cal. Civ. Code § 1094.5(b)–(c) (emphasis added). The emphasized language above
delineates the divide between two categories of writ of mandate claims. Each category of
claims is subject to a different standard of review.

The initial determination of the proper standard of review may prove critical to
determining the correct outcome. Cases that involve a "vested, fundamental right"
require the Court to "exercise[] its independent judgment upon the evidence disclosed in
a limited trial de novo." Bixby, 481 P.2d at 251. In such cases, the court is called upon
to resolve "on its own any conflicts in the evidence." Pittsburg Unified Sch. Dist. v.
Comm'n On Prof'l Competence, 146 Cal. App. 3d 964, 976 (1983). In conducting its
independent review of the evidence, the Court is not bound by the administrative
agency's findings and is "free to make its own determination of the credibility of
witnesses in the process." Id. at 977. Indeed, an exercise of independent judgment
requires the trial court to "reweigh the evidence," rather than defer to reasonable
judgments made by the administrative agency. Barber v. Long Beach Civil Serv. Com.,
45 Cal. App. 4th 652, 658 (1996).

In contrast, if the independent judgment standard does not apply to the court's
review, the court must affirm the administrative agency's decision if it was supported by
substantial evidence. See Cal. Civ. Code § 1094.5. "For this purpose, substantial
evidence has been defined in two ways: first, as evidence of ponderable legal significance
[that is] reasonable in nature, credible, and of solid value, and second, as relevant
evidence that a reasonable mind might accept as adequate to support a
conclusion." Desmond v. Cty. of Contra Costa, 21 Cal. App. 4th 330, 335
(1993) (quotation marks and citations omitted).

The City argues that the Court should apply the substantial evidence test to
evaluate plaintiff's claim that the City abused its discretion because the case does not
involve a fundamental vested right. Motion at 24. The City contends that cases
involving land use regulation do not involve a fundamental vested right. Id.; see Topanga

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

Assn. for a Scenic Cmty. v. Cty. of Los Angeles, 214 Cal. App. 3d 1348, 1356 n.4 (1989) ("Cases involving abuse of discretion in the area of land use regulation do not involve fundamental vested rights."). Plaintiff, in turn, argues that a this case involves a fundamental vested right because a city agency revoked an already-issued permit. Opp'n at 23.

"In contrast" to "the area of land use regulation [which] does not implicate fundamental vested rights[,]" "where 'a property owner has performed substantial work and incurred substantial liabilities in good faith reliance upon a permit issued by the government, he acquires a vested right to complete construction in accordance with the terms of the permit.'" Rasmussen v. City Council, 140 Cal. App. 3d 842, 848 (1983) (quoting Avco Cmty. Developers, Inc. v. S. Coast Reg'l Com., 553 P.2d 546, 550 (Cal. 1976); see also PMI Mortg. Ins. Co. v. City of Pac. Grove, 128 Cal. App. 3d 724, 729 n.3 (Ct. App. 1981) ("[B]uilding permits where the owner has performed substantial work and incurred substantial liabilities in good faith reliance on the permit involve fundamental vested rights."). Because the City's agencies revoked plaintiff's existing building permits, the Court concludes that this case implicates plaintiff's fundamental rights. As a result, the independent judgement test applies. Though the City has requested judicial notice of material that is part of the administrative record, see RJN, plaintiff argues that that the record is only "partial and un-certified[.]" Opp'n at 24. The Court concludes that de novo review of the evidence before the Bureau and the Board— as required by independent judgment test—is not appropriate on a motion to dismiss.

The Court therefore **DENIES** the City's motion to dismiss plaintiff's claim for a writ of mandate.

### F.     Plaintiff's Request for Declaratory Relief

Finally, plaintiff seeks a declaration of its rights arising out of the facts and circumstances that it has alleged. Compl. ¶¶ 149–51. The City argues that plaintiff's request for declaratory relief should be dismissed because plaintiff does not allege any facts to support its claim that Section 46.06 is facially unconstitutional on the grounds that the provision affects an impermissible taking. Motion at 25. In addition, the City contends that plaintiff may not seek declaratory relief because there is no actual justiciable controversy here. Reply at 15. Plaintiff argues that it has alleged facts to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07148-CAS(AGRx) | Date | January 9, 2016 |
|---|---|---|---|
| Title | SULLIVAN EQUITY PARTNERS, LLC v. CITY OF LOS ANGELES ET AL. | | |

support its facial challenge to LAMC § 46.06, pointing the complaint, which describes operation of LAMC § 46.06.  Opp'n at 24 (citing Compl. ¶¶ 21–24).

In the context of a takings claim, "[a] facial challenge involves 'a claim that the mere enactment of a statute constitutes a taking[.]'"  Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 686 (9th Cir. 1993) (quoting Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 494 (1987)).  In its complaint, plaintiff alleges that the "application of the Scorched Earth ordinance effects a taking of property without the payment of just compensation in violation of the United States and California Constitutions[.]"  Compl. ¶ 150.  Plaintiff also explains that LAMC §46.06 permits the Bureau to revoke building permits from individuals who have removed or relocated protected trees without a permit.  Id. ¶¶ 20–21.  Reading the complaint in a light most favorable to plaintiff and drawing all reasonable inferences from plaintiff's allegations, the Court concludes that plaintiff has sufficiently pled its takings-based facial challenge to Section 46.06 such that plaintiff may seek declaratory relief on that issue.  Moreover, the Court has concluded that plaintiff can maintain claims against the City; therefore, there remain actual, justiciable controversies in this case.  Accordingly, the Court **DENIES** the City's motion to dismiss plaintiff's claim for declaratory relief.

**V.    CONCLUSION**

In accordance with the foregoing, the City's motion to dismiss is **GRANTED in part** and **DENIED in part**.

Specifically, the Court **GRANTS** the City's motion to dismiss plaintiff's excessive fines, equal protection, and slander of title claims and **DISMISSES** those claims without prejudice.  The Court **DENIES** the City's motion to dismiss plaintiff's due process, writ of mandate, and declaratory relief claims.  Plaintiff shall have **thirty (30) days** from the date of this order to file an amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

|  | : | 04 |
|---|---|---|
| Initials of Preparer | IV | |