JEFFER MANGELS BUTLER & MITCHELL LLP
BENJAMIN M. REZNIK (Bar No. 72364),
*breznik@jmbm.com*
MATTHEW D. HINKS (Bar No. 200750),
*mhinks@jmbm.com*
SEENA MAX SAMIMI (Bar No. 246335)
*ssamimi@jmbm.com*
JULIA CONSOLI-TIENSVOLD (Bar No. 324142)
*jctiensvold@jmbm.com*
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff SULLIVAN EQUITY PARTNERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SULLIVAN EQUITY PARTNERS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a Charter City, and DOES 1 through 50, inclusive,<br><br>Defendant. | CASE NO. 2:16-cv-07148-CAS-AGR<br>The Hon. Christina A. Snyder<br><br>**STIPULATION FOR FILING OF AMENDED COMPLAINT** |

1  WHEREAS, on September 22, 2016, Plaintiff Sullivan Equity Partners, LLC ("Sullivan") commenced this action against Defendant City of Los Angeles ("City") alleging claims for (1) civil rights violations under 42 U.S.C. § 1983 for denial of procedural and substantive due process; (2) civil rights violations under 42 U.S.C. § 1983 for imposition of violations of the Excessive Fines Clause; (3) Civil Rights Violations under 42 U.S.C. § 1983 for equal protection violations; (4) slander of title; (5) a petition for writ of mandate under California Code of Civil Procedure § 1094.5; and (6) declaratory relief;

WHEREAS, on January 9, 2016, the Court issued an Order on the City's motion to dismiss the complaint under FRCP 12(b)(6) in which the Court granted the City's motion to dismiss as to the excessive fines, equal protection and slander of title claims and denied the motion to dismiss as to the due process, writ of mandate and declaratory relief claims;

WHEREAS, on April 12, 2017, the Court issued an Order (the "Stay Order") on the City's motion to abstain or, in the alternative, to decline supplemental jurisdiction, in which the Court stayed this lawsuit pending resolution of Sullivan's writ of mandate claim in state court and retained jurisdiction over Sullivan's remaining federal claims;

WHEREAS, on May 9, 2017, Sullivan commenced an action for a petition for writ of mandate in state court and included in that lawsuit a cause of action for inverse condemnation;

WHEREAS, on August 12, 2019, the state court issued a ruling on Sullivan's petition for writ of mandate, holding that Sullivan is entitled to a writ of mandate directing the City to set aside the administrative decision and the sanction at issue in these proceedings;

WHEREAS, on August 20, 2019, Sullivan provided notice to this Court of the state court's August 12, 2019 ruling as required by the Court's Stay Order;

WHEREAS this Court issued an Order on August 21, 2019, ECF Dkt. # 39,

stating that, "The Court has received plaintiff's Notice of State Court Ruling on Petition for Writ of Mandate regarding the minute entry issued by Department 82 of the Superior Court of California, County of Los Angeles on August 12, 2019, granting plaintiff's petition for a writ of administrative mandate. The parties are directed to file a joint stipulation within 14 days, on or before 9/4/2019, limited to the parties' contemplated proceedings before this Court in the above-captioned case";

WHEREAS, on August 20, 2019, the state court issued an amended minute order on Sullivan's petition for writ of mandate;

WHEREAS, as a result of the state court's August 12, 2019, and August 20, 2019, minute orders the only remaining cause of action in the state court action is an inverse condemnation claim;

WHEREAS, when Sullivan filed this lawsuit originally in this Court, Sullivan believed that it was precluded by the United States Supreme Court's opinion in *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), from filing an inverse condemnation claim in federal court, and therefore, did not include such claim in its original complaint;

WHEREAS *Williamson County* was recently overruled by the Supreme Court in *Knick v. Township of Scott, Pennsylvania*, 588 U.S. ___ (2019);

WHEREAS, Sullivan has elected, in the interest of efficiency and judicial economy, to dismiss the inverse condemnation claim currently pending in state court and consolidate the claim with the remaining claims pending in this Court;

WHEREAS, the dismissal of the inverse condemnation claim in state court will lead to entry of judgment and terminate proceedings in the state court;

THEREFORE, IT IS HEREBY STIPULATED by and between the parties hereto, through their respective attorneys of record, that:

1. Plaintiff may file the First Amended Complaint, a copy of which is attached hereto, and which will also be separately filed.

2. Plaintiff will file a dismissal of its inverse condemnation claim in state court within 3 days of the filing of this stipulation, and the First Amended Complaint.

3. Defendant will file a response within 30 days of the filing of the First Amended Complaint.

DATED: October 1, 2019

JEFFER MANGELS BUTLER & MITCHELL LLP
BENJAMIN M. REZNIK
MATTHEW D. HINKS
SEENA MAX SAMIMI
JULIA CONSOLI-TIENSVOLD

By: /s/ *Seena M. Samimi*
SEENA MAX SAMIMI
Attorneys for Plaintiff SULLIVAN EQUITY PARTNERS, LLC

DATED: October 1, 2019

MICHAEL N. FEUER, City Attorney
TERRY KAUFMANN MACIAS, Sr. Assistant City Attorney
CHARLES D. SEWELL, Deputy City Attorney
PATRICK J. HAGAN, Deputy City Attorney

By: /s/ *Charles D. Sewell*
CHARLES D. SEWELL
Attorneys for Respondent
CITY OF LOS ANGELES