UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | ***SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.*** | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                            Not Present

**Proceedings:**   (IN CHAMBERS) - CITY OF LOS ANGELES' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT (Dkt. 124, filed on FEBRUARY 22, 2024)

## I.   INTRODUCTION

On September 22, 2016, plaintiff Sullivan Equity Partners, LLC ("Sullivan Equity") filed the instant action against defendants City of Los Angeles (the "City") and Does 1-50, inclusive.  Dkt. 1.  Plaintiff asserted six claims against defendants: (1) denial of procedural and substantive due process, pursuant to 42 U.S.C. § 1983; (2) violation of the Excessive Fines Clause of the Eighth Amendment, pursuant to 42 U.S.C. § 1983; (3) violation of the Equal Protection Clause, pursuant to 42 U.S.C. § 1983; (4) slander of title; (5) petition for a writ of mandate, pursuant to California Code of Civil Procedure § 1094.5; and (6) declaratory relief.  Id.  On January 9, 2017, the Court granted in part and denied in part the City's motion to dismiss plaintiff's complaint.  Dkt. 24.  Specifically, the Court dismissed without prejudice plaintiff's excessive fines, equal protection, and slander of title claims, but denied the City's motion as to plaintiff's due process, writ of mandate, and declaratory relief claims.  Id.  On February 8, 2017, plaintiff filed a notice of its intent to stand on its pleadings.  Dkt. 25.

Plaintiff alleges that on March 14, 2016, after a public hearing, the City's Bureau of Street Services (the "Bureau") revoked plaintiff's building and grading permits and imposed a five-year moratorium on the issuance of future building permits as a penalty for plaintiff's violation of the municipal code.  See Plaintiff's Third Amended Complaint (the "TAC"), filed on January 25, 2024, ¶¶ 117-18.  On June 24, 2016, the Board of Public Works (the "Board") upheld this decision on appeal.  Id. ¶ 128.  The gravamen of plaintiff's complaint is that the two administrative hearings were shams—and therefore

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | **'O'** | **JS-6** |
| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

violated plaintiff's due process rights—because members of the Bureau and the Board were biased against plaintiff.

On March 3, 2017, the City filed a motion requesting that the Court abstain from hearing this case pursuant to Railroad Commission v. Pullman Co., 312 U.S. 496 (1941). Dkt. 27. On April 12, 2017, the Court granted the City's motion and stayed this action pending resolution of plaintiff's writ of mandate claim in state court, finding that abstention was appropriate under Pullman because plaintiff's complaint concerned a sensitive area of social policy governed by state law—land use, and plaintiff's writ of mandate proceeding could obviate the need to consider its federal claims. Dkts. 36, 37. In its order, the Court stated that it would retain jurisdiction to address plaintiff's federal claims so long as plaintiff made a reservation in the state court proceeding under England v. Louisiana State Board of Medical Examiners, 375 U.S. 411 (1964), and such claims were not mooted by the state court proceeding. Dkt. 36.

On May 12, 2017, plaintiff filed a first amended verified petition and complaint for a writ of mandate and for inverse condemnation in Los Angeles Superior Court. Dkt. 96, 96-1 ("RJN"), Exh. A. Plaintiff included an England reservation stating that it "expressly reserves its rights to return to federal court in the Central District of California for adjudication of the federal claims previously alleged . . . including claims for Procedural Due Process Violations; Substantive Due Process Violations; Civil Rights Violations, 42 U.S.C. § 1983; and Declaratory Relief." Id. ¶ 110. The petition and the complaint included causes of action for: (1) a petition for a writ of mandate pursuant to California Code of Civil Procedure § 1094.5, alleging that the City failed to provide plaintiff with a fair hearing and that the City's decision was not supported by the evidence; (2) a petition for a writ of mandate pursuant to California Code of Civil Procedure § 1085, alleging that the City acted outside of its authority when it revoked plaintiff's grading permits; and (3) inverse condemnation. Id. ¶¶ 111-129. On December 12, 2017, the Superior Court stayed the inverse condemnation claim pending resolution of the writ claims. Dkt. 96, RJN, Exh. B.

On August 12, 2019, following a bench trial on the matter, the Superior Court granted plaintiff's writ petition on the first cause of action, concluding that certain *ex parte* communications created an unacceptable probability of bias in the administrative proceedings. Id. The Superior Court dismissed plaintiff's second cause of action as moot. Dkt. 96, RJN, Exh. D at 2. In its decision described below, the California Court of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

Appeal subsequently affirmed the Superior Court's dismissal of the second cause of action. Dkt. 96, RJN, Exh. C at 43.

On September 4, 2019, plaintiff notified this Court of the Superior Court's ruling on plaintiff's state court petition for writ of mandate. Dkt. 42. On October 2, 2019, the parties filed a joint stipulation to lift the stay and to permit the filing of an amended complaint. Dkt. 44. Pursuant to the stipulation of the parties, plaintiff filed a first amended complaint (the "FAC") on October 2, 2019. Dkt. 45. Plaintiff's FAC asserted three claims against the City: (1) denial of procedural and substantive due process, pursuant to 42 U.S.C. § 1983; (2) inverse condemnation in violation of the Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; and (3) a claim for declaratory judgment that plaintiff has a right to have its permits reinstated on account of numerous constitutional violations. Id.

On November 25, 2019, the City filed a motion to dismiss plaintiff's inverse condemnation claim. Dkt. 49. On January 22, 2020, the Court granted the City's motion to dismiss without prejudice, finding that plaintiff's inverse condemnation claim was not ripe because the Superior Court had not yet issued a final decision that would allow the Court to determine the extent of the alleged taking. Dkt. 54. The City filed its answer to the FAC on February 14, 2020. Dkt. 55.

On July 20, 2020, the City filed a motion to stay this action pending resolution of its appeal of the Superior Court's decision. Dkt. 63. On October 5, 2020, the Court issued an order reinstating the stay under Pullman pending final resolution of plaintiff's state court action. Dkt. 72.

On July 19, 2022, the California Court of Appeal reversed the Superior Court's decision on the first cause of action, holding that plaintiff had failed to demonstrate that the City's administrative proceedings were unfair. Dkt. 96, RJN, Exh. C. The Court of Appeal specifically concluded that "there is insufficient evidence of bias to establish a violation of due process." Id. at 29. Subsequently, the Superior Court set a trial date to hear the remaining issue of whether there were sufficient findings to support the decision of the Board and substantial evidence to support those findings. Dkt. 96, RJN, Exh. D. On April 10, 2023, following the bench trial, the Superior Court issued a final order ruling against plaintiff and denying the petition. Id. On April 24, 2023, the Superior Court filed its judgment denying plaintiff's first amended petition in its entirety and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

entering judgment in favor of the City.  Id.  Plaintiff did not appeal that decision, and it is now final.

On July 7, 2023, the City filed a motion for judgment on the pleadings on the remaining claims in the FAC.  Dkt. 96.  On July 31, 2023, the Court held a hearing on the City's motion.  On August 1, 2023, the Court issued an order requesting that plaintiff submit a supplemental brief addressing whether it had a full and fair opportunity to litigate its claims in state court.  Dkt. 102.  On August 10, 2023, plaintiff filed its supplemental brief in opposition to the City's motion for judgment on the pleadings.  Dkt. 103.  Even though the Court did not request any briefing from the City, the City filed a supplemental brief in support of its motion on August 14, 2023.  Dkt. 105.  On September 15, 2023, the Court granted the City's motion for judgment on the pleadings, with leave to amend for plaintiff on the issue of whether it had a full and fair opportunity to litigate its claims in state court.[1]  Dkt. 106.  The Court also denied plaintiff's request to amend

---

[1] In its September 15, 2023 order granting the City's motion for judgment on the pleadings, the Court considered plaintiff's England reservation and concluded that issue preclusion could apply to issues necessarily and actually litigated and decided in the state court proceedings.  Dkt. 106 at 15.  The Court then considered whether the requirements for issue preclusion had been met.  Id. at 16.  The Court concluded that the first, third, and fourth elements of issue preclusion had been met, finding that "[t]he issues sought to be relitigated [were] identical to those raised in the state mandamus proceedings, and these issues were necessarily decided in a final decision on the merits."  Id. at 19.  With regard to the second element, the Court permitted plaintiff leave to amend to address whether plaintiff had a full and fair opportunity to litigate its claims in state court.  Id. at 22-23, 26.  Finally, the Court found that the remaining elements of issue preclusion weighed in favor of the City.  Id. at 23.  Plaintiff relies upon Jamgotchian v. Ferraro, 93 F.4th 1150 (9th Cir. 2024), to argue that "the state agency determination is not a basis to deny federal jurisdiction in this case."  Dkt. 125 at 10.  However, unlike Jamgotchian, which addresses the preclusive effect of a state administrative agency decision, this action concerns the preclusive effect of a judgment of a state court.  In addition, the California Horse Racing Board in Jamgotchian acknowledged that it lacked jurisdiction to decide the constitutional issue in the matter before it.  Here, by contrast, the Superior Court and the Court of Appeal could decide the constitutional due process issue.  Jamgotchian did not decide that preclusive effect could not be given to a state court proceeding that actually occurred after the administrative proceedings took place, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

the FAC to reallege an inverse condemnation claim because it concluded that the enforcement of the ordinance against plaintiff could not give rise to a takings claim as a matter of law. Id.

On October 16, 2023, plaintiff filed a second amended complaint (the "SAC"). Dkt. 107. Plaintiff's SAC asserted the same claims for relief against the City as the FAC. Id. On November 13, 2023, the City filed a motion to dismiss the SAC. Dkt. 113. On December 11, 2023, the Court granted the City's motion to dismiss plaintiff's due process and declaratory relief claims, with leave to amend for plaintiff to allege with particularity how the state court proceedings deprived it of the opportunity to fully and fairly litigate its due process claim. Dkt. 117. The Court also dismissed plaintiff's inverse condemnation claim with prejudice. Id.

On January 25, 2024, plaintiff filed a third amended complaint (the "TAC"). Dkt. 119. The TAC asserts two claims against the City: (1) denial of procedural and substantive due process, pursuant to 42 U.S.C. § 1983; and (2) declaratory relief. Id. On February 22, 2024, the City filed a motion to dismiss the TAC and attached a request for judicial notice in support of its motion.[2] Dkts. 124, 124-1. On March 7, 2024, plaintiff

---

where the state court had jurisdiction to decide whether due process had been violated in the administrative proceedings.

[2] Defendant requests that the Court take judicial notice of eleven exhibits. Dkt. 124-1. These include: (1) a true and correct copy of LAMC § 46.00, *et seq.*, amended by Ordinance Number 177404, entitled "Preservation of Protected Trees;" (2) a true and correct copy of the First Amended Verified Petition For Writ Of Mandate And Complaint filed in Los Angeles Superior Court Case No. BS169541 on or about May 12, 2017; (3) a true and correct copy of the Status Report Re State Court Appeal filed in this case on September 2, 2022; (4) a true and correct copy of the signed judgment in favor of City, dated April 24, 2023, in the matter of Sullivan Equity Partners LLC v. City of Los Angeles, Los Angeles Superior Court Case No. BS169541; (5) a true and correct copy of "Respondent City's Supplemental Opposition to Petition for Writ of Mandate" filed in Los Angeles Superior Court Case No. BS169541 on or about February 17, 2023; (6) a true and correct copy of "Supplemental Reply Brief of Petitioner Sullivan Equity Partners, LLC" filed in Los Angeles Superior Court Case No. BS169541 on or about March 6, 2023; (7) a true and correct copy of "Volume 10 of 10" of the Administrative Record filed in Los Angeles Superior Court Case No. BS169541; (8) a true and correct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'   JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

filed an opposition to the City's motion to dismiss and objection to the City's request for judicial notice. Dkt. 125. Plaintiff also filed two requests for judicial notice, one on March 7, 2024, and the second on March 13, 2024.³ Dkts. 126, 129.

On March 25, 2024, the Court held a hearing on the City's motion to dismiss the TAC. On March 26, 2024, plaintiff filed a supplemental brief to the City's motion to dismiss. Dkt. 130. On April 10, 2024, plaintiff filed a second supplemental opposition brief to the City's motion to dismiss. Dkt. 132.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

---

copy of "Petitioner Sullivan Equity Partners, LLC's Request for Judicial Notice" filed in Los Angeles Superior Court Case No. BS169541 on or about March 15, 2019; (9) a true and correct copy of "Horticultural Tree Report" signed by Richard Ibarra, dated December 11, 2007, included in the Administrative Record filed in Los Angeles Superior Court Case No. BS169541, at AR 746-777; (10) a true and correct copy of "Protected Tree Report" signed by Robert Wallace, dated July 23, 2012, included in the Administrative Record filed in Los Angeles Superior Court Case No. BS169541, at AR 989-1070; and (11) a true and correct copy of "Response to Notice for February 12 Administrative Hearing Regarding 1834 and 1838 Old Ranch Road Tree Removal Permit" signed by Patrick G. Mitchell, dated February 10, 2016, with Exhibit A – Declaration of Robert W. Wallace, included in the Administrative Record filed in Los Angeles Superior Court Case No. BS169541, at AR 578-585. Id. In opposition, plaintiff argues that certain of defendant's attachments are not judicially noticeable, including the other tree reports, which are hearsay and not pleadings. Dkt. 125 at 13. The Court finds that judicial notice of these documents is appropriate pursuant to Federal Rule of Evidence 201.

³ Plaintiff requests that the Court take judicial notice of three exhibits. Dkts. 126, 129. These include: (1) a picture of Tree #5; (2) a picture of Tree #29; and (3) defendant's Exhibit D, which is the April 24, 2023 judgment in favor of the City in the Superior Court, "which states that the state court judge referred to the Wallace Tree Report 17 different times in the judgment[.]" Dkts. 126, 129. As mentioned above, the Court finds that judicial notice of the final judgment in the Superior Court is appropriate. The Court also judicially notices the first two exhibits consisting of photographs of trees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

## II.   BACKGROUND

### A.   Plaintiff's Factual Allegations

Plaintiff alleges the following facts in the TAC. Plaintiff owns two vacant lots ("the Properties") in the Sullivan Canyon area of the City of Los Angeles. TAC ¶¶ 6-8. "The influential neighbors and community activists with ties to people in the highest levels of local, state and national government were and are strongly united and committed to ensuring that the properties are not developed." Id. ¶ 9. On July 25, 2014, plaintiff obtained building, grading, and retaining wall permits to construct a single-family home on one of the Properties. Id. ¶ 10. Plaintiff also sought and obtained a tree permit, which allowed the removal of 56 protected trees. Id. ¶¶ 17, 55. LAMC §§ 46.00 *et seq.* (the "Protected Tree Ordinance") regulates the removal and relocation of protected trees. Id. ¶ 13. Section 46.01 defines protected trees as any Oak, Southern California Black Walnut, Western Sycamore, or California Bay tree of a certain size. Id. No protected tree may be removed or relocated absent a permit from the Board or its designated officer or employee. Id. ¶ 14. If a protected tree has been removed or relocated in violation of LAMC § 46.00, LAMC § 46.06, which plaintiff alleges is known as the "Scorched Earth Ordinance," "sets forth certain stringent punishments which may be imposed by the City following quasi-judicial administrative hearings." Id. ¶ 16. In determining whether to revoke or withhold permits, LAMC § 46.06(c) provides that the Bureau shall consider the following factors: the number of trees/shrubs removed or relocated, the size and age of those trees/shrubs, the knowledge and intent of the property owners with respect to removal or relocation, and prior violations of the law with respect to removal and relocation of protected trees. Id. ¶ 32. Plaintiff alleges that "[g]iven the facts of the case, that not any one of these ordinance requirements were met by the [City], the revocation of the building permits was illegal and a product of undue political influence perpetrated on the administrative decision makers."[4] Id.

Before the Board issued a tree permit to plaintiff, Ron Lorenzen, then the City Assistant's Chief Forester, issued a memorandum to the City's Environmental Review Unit stating that the tree removals that plaintiff sought were necessary to allow for reasonable development of the site. Id. ¶ 51. After receiving the tree permit, plaintiff

---

[4] Plaintiff asserts that it had no prior violations; "[t]he trees were not 'aged;'" and the Superior Court, unlike the administrative agencies, found that plaintiff did not intend to remove the trees. TAC ¶¶ 33-34, 44.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

hired Ricardo Gonzalez to remove the 56 protected trees covered by the permit. Id. ¶ 57. On September 29, 2014, Gonzalez and his employees removed trees from the property that Gonzalez had identified as permitted for removal. Id. ¶¶ 58-59. However, Gonzalez incorrectly removed three trees—Trees #5, #29, and #30—that were not covered by plaintiff's permit. Id. ¶ 60. After the trees' removal, neighbors opposed to plaintiff's development of the Properties were upset that the tree permit had been issued without notice to them, yet "the Planning Administrator made a factual finding that Project Opponents did receive notice and failed to act." Id. ¶ 62. One individual submitted a complaint to City Councilmember Mike Bonin, suggesting that the removals were not permitted or improperly permitted. Id. ¶ 65. After a series of emails between Bonin and City officials, Board President Kevin James confirmed that a tree removal permit had been granted. Id. ¶ 69. Political pressure mounted from a neighborhood opposition group and from prominent politicians. Id. ¶¶ 71, 78. Opponents from the neighborhood, former and current public officials, and a famous actor submitted letters and emails to, among others, Bonin and a member of his staff, Mayor Eric Garcetti and members of his staff, the City Attorney, and a City Project Planner. Id. ¶¶ 79-87.

On September 22, 2015, Gideon Kracov—counsel for the Sullivan Canyon Property Owners Association—sent an email to James demanding that the Department of Public Works perform another site inspection of the Properties. Id. ¶ 92. Plaintiff alleges, based on information and belief, that Lorenzen—at that point, Assistant Director of Street Services—inspected the Properties on December 7, 2015, and discovered the three trees that Gonzalez improperly removed. Id. ¶¶ 82, 96. Lorenzen reported this finding to James in an email on December 8, 2015, and set out three options for responding to the violation. Id. ¶¶ 97-98. On December 9, 2015, Greg Good—Director of Infrastructure for the Office of the Mayor—emailed James and stated: "Again, this is amazing – and you have several options. What are you thinking at this point?" Id. ¶ 101. Plaintiff alleges that Good was referring to the discovery of the Gonzalez errors. Id. On December 11, 2015, in an email to Lorenzen, Bonin's Chief of Staff, Chad Molnar, stated that Bonin strongly believed that the City should revoke all permits for plaintiff's project, given the violation. Id. ¶¶ 76, 102-03. In response, Lorenzen stated that he was "in agreement." Id. ¶ 104. On December 15, 2015, Molnar emailed James, saying that Bonin felt "strongly that we need to quickly move ahead with revoking those permits" and that Lorenzen "is working through the process with the City Attorney." Id. ¶ 105. Molnar also stated that he understood that James "wanted to help with this as well." Id. Also on December 15, 2015, Debbie Dyer Harris, District Director for Bonin, sent an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

email to Molnar and another member of Bonin's staff, stating that Harris had received a call from Greg Spotts, Assistant Director at the Bureau. Id. ¶ 107. Spotts reportedly told Harris that he was told that Bonin's office "wants to implement the scorched earth policy to prevent the builder from building on the site for 10 years." Id. Molnar responded to Harris: "Yes, that is true. Mike feels strongly that we need to revoke all building and construction permits, and ban new permits for ten years. I will call him." Id. According to plaintiff, "[t]hese communications reveal a conspiracy among Lorenzen and James on the one hand, and the high-ranking representatives of the Mayor's office and Councilmember Mike Bonin's office on the other hand, to come up with a creative procedural mechanism, decided in advance and before any hearings had taken place" to revoke the permits. Id. ¶ 109. Plaintiff alleges that due to the community's outrage, Lorenzen and James felt they needed to "make up" for past decisions, as Lorenzen had originally approved the removal of the trees, and "find a way to block [p]laintiff's project." Id. ¶ 110.

Plaintiff received a Notice of Administrative Hearing on December 20, 2015, indicating that three trees had been removed without a permit and that the Bureau intended to act pursuant to LAMC § 46.06. Id. ¶¶ 62, 108. A hearing was scheduled before the Bureau on February 12, 2016. Id. ¶ 111. On February 10, 2016, plaintiff's attorney submitted a letter to the Board in advance of the hearing stating that the removal of the three trees was an unintentional error, that plaintiff was unaware of the error prior to the Bureau notice, that plaintiff had never improperly removed protected trees, and that the circumstances did not warrant the application of the "Scorched Earth" penalty. Id. Plaintiff's counsel volunteered additional mitigation and replacement measures. Id. Plaintiff also submitted sworn declarations from the arborist, property owners, and site supervisor stating that the removal was unintentional, and that there was no benefit to be gained by the removal because the three trees had not blocked access or otherwise interfered with plaintiff's development plans. Id. ¶ 112.

On February 11, 2016, Molnar wrote to a "Project opponent" stating that he "personally sat down with Urban Forestry to discuss this hearing . . . and they are fully aware of CM Bonin's expectation that the department will hold the applicant accountable for the removal of the protected trees."[5] Id. ¶ 113. On February 12, 2016, the hearing before the Bureau took place, before Lorenzen, who served as the hearing officer. Id. ¶

---

[5] The City's Urban Forestry Division is a division within the Bureau. TAC ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　'O'　　JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

114. Lorenzen, who recommended the issuance of the permits, had been publicly scrutinized for his actions, acted as the City's lead investigator into the matter, "schemed" with a representative of the Mayor's office to come after plaintiff, and was "in agreement" that plaintiff's building permits should be revoked. Id. Plaintiff thus alleges that the hearing was a sham and the result preordained and that Lorenzen's overlapping roles resulted in an unfair administrative hearing. Id. ¶¶ 114-15. During the hearing, plaintiff presented evidence that the removal of the three non-permitted trees was accidental and proposed mitigation measures. Id. ¶ 116.

On March 14, 2016, the Bureau issued its determination, recommending the invocation of the "Scorched Earth Ordinance." Id. ¶ 117. Specifically, the Bureau recommended that the Department of Building and Safety revoke all existing building permits, suspend existing building permits, and suspend issuance of any new building permits on the Properties for five years. Id. The Bureau's primary findings were that: (1) three of the protected trees on the Properties were removed improperly; (2) plaintiff "had implemented a comprehensive process to ensure that only those trees permitted to be removed would in reality be removed"; and (3) because trees were improperly removed in spite of these measures, plaintiff intended to willfully remove the three non-permitted trees. Id. ¶ 119. The Bureau further concluded that the three trees "were not removed by accident but intentionally to provide better access to the property or in some other fashion enable easier development." Id. ¶ 121. Plaintiff alleges that this finding cannot be sustained because "all of the evidence . . . was to the contrary." Id. According to plaintiff, the revocation of existing building permits and a five-year moratorium on new permits means that any future development of the Properties would have to comply with the City's new hillside ordinance, which does not allow for the design and size of the homes that plaintiff planned for the Properties. Id. ¶ 122. Therefore, the revocation and suspension of plaintiff's building permits prevent its planned project from being developed indefinitely. Id.

On April 12, 2016, plaintiff timely appealed the Bureau determination to the Board. Id. ¶ 123. In advance of the hearing on plaintiff's appeal, Lorenzen prepared a staff report recommending that the Board deny plaintiff's appeal. Id. ¶ 126. On June 24, 2016, the Board heard plaintiff's appeal and voted to uphold the Bureau determination. Id. ¶ 128. James, president of the Board, presided over the hearing and made the motion to deny the appeal. Id. ¶¶ 125, 131. Plaintiff alleges that James was biased against plaintiff and plaintiff's project and had precommitted to ensure the appeal was denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

Id. ¶ 125. James was "politically motivated to clear the name of the Department that had issued the tree permit in the first place." Id. In addition, James and other members of Department staff failed to disclose their "*ex parte* communications." Id. ¶ 128. Plaintiff's counsel submitted a Public Records Act request for, and received some, of these *ex parte* communications, which reveal the conspiracy among Lorenzen, James, Kracov, influential members of the community, representatives of the Mayor's office, and representatives of Bonin's office. Id. ¶ 129. The City "strategically delayed transmitting most of the most damaging emails to [p]laintiff until after both hearings had already taken place, depriving [p]laintiff of the ability to include them in the administrative record that would be considered at the hearing." Id. ¶ 130.

    **B.**    **Proceedings in State Court**

Plaintiff's factual allegations in the state court action are virtually identical to its allegations in this action. (Compare dkt. 96, RJN, Exh. A ¶¶ 14-108 to TAC ¶¶ 6-132). As relevant here, plaintiff's first cause of action in the state court petition and complaint alleged that "[t]he City failed to provide a fair hearing prior to the revocation of the [p]ermits." Dkt. 96, RJN, Exh. A ¶ 115. Although administrative mandamus proceedings are generally limited to the administrative record, plaintiff sought additional discovery before the Superior Court. Dkt. 96, RJN, Exh. C at 22. While the Superior Court denied most of plaintiff's discovery requests, it permitted certain additional discovery. Id. This included limited depositions of James and Lorenzen involving questions on specific emails. Id. Excerpts of the deposition transcripts were admitted into the record. Id. The Superior Court additionally granted plaintiff's request to augment the record with seven email chains (totaling twelve pages) that the Superior Court concluded could be relevant to plaintiff's claims of bias. Id.

As set forth above, on August 12, 2019, following briefing and a bench trial, the Superior Court issued an order finding that with respect to plaintiff's first cause of action, plaintiff had demonstrated an unacceptable probability of actual bias. Id. at 26-28. On appeal, the Court of Appeal reversed, concluding that plaintiff had failed to show that the hearing was unfair based on the claim of bias. Id. at 29. Specifically, the Court of Appeal considered plaintiff's argument that Lorenzen and James were personally embroiled in the dispute and concluded that "neither Lorenzen nor James held a financial stake, harbored personal animosity, or held any other personal interest in the project." Id. at 35. Further, the Court of Appeal concluded that the statements made by Lorenzen and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

James at the hearings and in emails were insufficient evidence that they had precommitted to a result. Id. 36-38. Finally, the Court of Appeal concluded that "the overlapping administrative roles inhabited by Lorenzen and James were permissible and that [plaintiff] failed to produce evidence of bias arising from those roles." Id. at 38. In accordance with these findings, the Court of Appeal concluded that plaintiff had failed to present evidence of "a constitutionally unacceptable risk of bias." Id. at 41. The Court of Appeal therefore reversed the Superior Court's order granting plaintiff's writ petition.

Following the decision on appeal, the Superior Court set a trial date to hear the remaining issue of whether there were sufficient findings and substantial evidence to support the administrative findings. Dkt. 96, RJN, Exh. D. On April 10, 2023, after conducting a bench trial, the Superior Court issued a final order ruling against plaintiff and denying the petition. Id.

According to the TAC, even though plaintiff prevailed in the initial Superior Court proceeding, plaintiff was nonetheless denied a full and fair opportunity to litigate its claims in state court. TAC ¶ 134. In this regard, plaintiff alleges that the City prepared the administrative record before the state court and omitted hundreds of pages of relevant documents that plaintiff believed would help show it was deprived of a fair administrative hearing. Id. ¶¶ 136-37. Because the City "cherry-picked 42 pages of emails" for the record, plaintiff moved to augment the record with 676 pages of emails that it had obtained through a Public Records Act request. Id. ¶¶ 138-41. However, the Superior Court admitted only 12 of the 676 pages, excluding the majority of emails pursuant to Code of Civil Procedure § 1094.6. Id. ¶¶ 142, 147. Plaintiff contends that the excluded emails reveal *ex parte* communications and the City decisionmakers' personal embroilment, which support plaintiff's allegation that the City precommitted to an outcome before the hearings. Id. ¶¶ 145-46, 149-55. The Superior Court also repeatedly denied plaintiff's motions to compel discovery, through which plaintiff sought "to acquire direct and specific evidence of the collusion, improper political influence, corruption, and bias exhibited by the hearing officers." Id. ¶¶ 160-63, 166-68. Plaintiff further sought to take seven depositions "to get the full picture of the conspiracy" to deprive plaintiff of its permits. Id. ¶¶ 169, 171. Instead, the Superior Court permitted plaintiff to ask Lorenzen and James five questions at limited depositions and admitted only a small fraction of those transcripts into the record. Id. ¶ 172. The Court of Appeal then ruled against plaintiff, finding there was insufficient evidence to show an unacceptable probability of actual bias, even though this was the type of evidence

Case 2:16-cv-07148-CAS-AGR   Document 133   Filed 04/11/24   Page 13 of 20   Page ID #:5151

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

plaintiff repeatedly sought to introduce into the record. Id. ¶¶ 174, 177. The Court of Appeal also rejected plaintiff's argument that the Superior Court erred by refusing to augment the record with certain emails plaintiff sought to add to the record. Dkt. 96, RJN, Exh. C at 22-23 n.12.

### C. Plaintiff's New Allegations in the TAC

The TAC alleges additional facts intended to demonstrate that plaintiff was denied a full and fair hearing both in the administrative proceedings and in the Superior Court. Plaintiff now asserts for the first time that according to the Wallace Tree Report, which the Superior Court judge determined "to be the primary document to be relied on by the parties to determine their rights to the allegedly improperly removed trees," Tree #29 is an unprotected Wild Lilac. TAC ¶ 21. However, the Superior Court and administrative hearing officers found that the Protected Tree Ordinance covered Tree #29 because it was a Black Walnut. Id. Plaintiff alleges that Lorenzen knew that Tree #29 was not protected but certified that it was protected and then affirmed his own incorrect finding. Id. ¶ 22. Lorenzen also affirmed that Tree #5 was a protected California Sycamore. Id. ¶ 29. However, according to plaintiff's new allegations, Tree #5 was properly removed pursuant to the Protected Tree Ordinance because it would have prevented the reasonable development of the property, would have made it impossible to access the property, and was already falling over and waterlogged. Id. ¶¶ 26-27. Moreover, because only "Western Sycamores" are protected, Tree #5 was likely not protected because it was identified as only a "Sycamore" and had no leaves, rendering even its identification as a Sycamore unlikely. Id. ¶ 28. With regard to Tree #30, the Wallace Tree Report depicts it "in a lush area where it cannot be shown that any tree that was removed would affect the holistic woodland requirements of the City." Id. ¶ 30. Further, contrary to the established protocols in the Protected Tree Ordinance and within the City's agencies, the City did not accept plaintiff's offer to mitigate the alleged illegal removal of the three trees, which was "unheard of." Id. ¶ 31.

Plaintiff alleges that the outcome of the administrative hearings was preordained. Id. ¶ 38. According to plaintiff, the City officials who presided over the administrative hearings communicated with high profile politicians and further had "conducted the investigation into the tree removal, had previously announced they were committed to invoking the drastic remedies supplied by the City's so-called 'Scorched Earth Ordinance' even before the hearings took place and were personally embroiled in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

controversy and politically motivated and pressured to deprive [p]laintiff of its property rights." Id. Plaintiff contends that it was deprived of the opportunity to fully and fairly litigate its due process claim in state court because Lorenzen fraudulently concluded that Tree #29 was a Black Walnut, and communicated his decision to other Board members and his intent to deny plaintiff's permits to Bonin's office. Id. ¶¶ 39-41. Similarly, plaintiff was deprived of its right to a full and fair hearing because Lorenzen advised the Board members that Tree #5 was protected without any proof of its protected status. Id. ¶¶ 42-43. The Board members also did not release their communications with outside "political forces" to plaintiff. Id. ¶ 43. Finally, plaintiff was denied a full and fair hearing in state court "when the California Court of Appeal reversed every factual finding made by the trial court according to a redetermination of all facts at issue involved in the matter from findings made by the Administrative Board and then findings made by the state court judge[]." Id. ¶ 46.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (*e.g.*, facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### IV.   DISCUSSION

#### A.   The First Claim of the TAC Fails Because It Is Barred by the Doctrine of Issue Preclusion

In the TAC, plaintiff alleges that the Wallace Tree Report shows that Tree #29 is not protected and that Tree #5 was properly removed pursuant to the Protected Tree Ordinance. TAC ¶¶ 21, 26-28. Plaintiff attached the relevant pages from the Wallace Tree Report as Exhibit A and Exhibit B to the TAC and included the pages in its request for judicial notice. See TAC; dkt. 126. However, defendant contends that the photos included by plaintiff appear to be from a report prepared by Richard Ibarra rather than from the Wallace Tree Report. Dkt. 124 at 27-28; dkt. 127 at 2; dkt. 124-11, exh. J; dkt. 124-12, exh. K.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

Defendant argues that despite the Court's December 11, 2023 order directing plaintiff to allege with particularity how it was deprived of the opportunity to fully and fairly litigate its due process claim in the Superior Court, plaintiff has not alleged any new facts to establish its due process claim. Dkt. 124 at 17, 23. Defendant contends that the new allegations in the TAC "instead raise new legal theories concerning the application of the Protected Tree Ordinance and attempt to create a new factual dispute concerning the classification of the protected trees at issue, based on a new reading of facts that were already part of the administrative record in the State Action." Id. at 17-18. According to defendant, these allegations do not relate to the issue of Lorenzen or James' personal bias, appear to be alternative legal arguments that plaintiff could have but did not make in the Superior Court proceeding, and fall outside the bounds of the Court's permitted amendment. Id. at 19. For example, defendant asserts that the new allegations, which rely on factually incorrect arguments, "appear to raise the issue, for the first time, of whether [Trees #5 and #29] were even subject to the requirements of the [Protected Tree Ordinance]."[6] Id. at 19, 27-28. Defendant contends that adverse rulings by the Bureau, Board, and state court do not mean that plaintiff was denied a full and fair opportunity to litigate its due process claim. Id. at 20-21. Further, defendant argues that plaintiff's allegations in the TAC focus on the administrative proceedings instead of the Superior Court proceeding. Id. at 21. According to defendant, plaintiff knew what the Protected Tree Ordinance and the two older tree reports from 2007 and 2012 stated before the Superior Court proceeding, and "[f]or this reason alone, [it] fails to 'allege with particularity how the state court proceedings deprived plaintiff of *the opportunity to fully and fairly litigate* its due process claim.'" Id. at 21-22, 24 (emphasis in original).

In addition, defendant contends that the new allegations in the TAC represent arguments that were made, strategically ignored, or even contradicted in the Superior Court proceeding. Id. at 23-24. As such, it argues that plaintiff "should not now be permitted to relitigate issues decided against [it] because of unsuccessful litigation choices and a desire to try alternative legal theories on previously known facts." Id. at 24. Further, defendant contends that plaintiff conceded in the administrative proceedings that Trees #5 and #29 were protected. Id. Defendant asserts that plaintiff has thus waived this issue and cannot now dispute the classification of the trees. Id. at 24-25.

---

[6] According to defendant, plaintiff appears to refer to photos from Richard Ibarra's report, which was prepared five years before and is not the same as the Wallace Tree Report. Dkt. 124 at 27-28.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

Defendant also argues that the new issues raised by plaintiff regarding the classification of the trees and the application of the Protected Tree Ordinance were decided in the Superior Court, which entered a final judgment on the merits. Id. at 26. According to defendant, this Court must give preclusive effect to the state court judgment, and plaintiff is "barred from relitigating any issue pertaining to the revocation [under the Protected Tree Ordinance] in the instant federal proceeding that it could have raised in the State Action but chose not to." Id. at 26-27.

In opposition, as noted above, plaintiff relies on the Ninth Circuit decision in Jamgotchian, decided on February 26, 2024. Dkt. 125 at 6-10. According to plaintiff, Jamgotchian establishes that a state administrative agency decision does not preclude a plaintiff's § 1983 claim in federal court and that a plaintiff is no longer required to seek review in state court prior to bringing a § 1983 claim. Id. at 6-10. Thus, plaintiff contends that the Jamgotchian decision "completely extinguishes the basis for the Motion to Dismiss," as Lorenzen and James predetermined the outcome of the Board's decision and prevented plaintiff from having an adequate opportunity to litigate. Id. at 4, 11. Further, plaintiff contends that the Wallace Tree Report shows that Trees #5 and #29 were not protected trees, yet "Ron Lorenzen represented these trees as protected as the City [F]orester who went to the site and then ascended to the Board of Public Works, represented to other Board members his fraudulent conclusions and then voted to affirm his fraud." Id. at 11. While defendant argues that plaintiff knew these facts when it litigated the state court action, plaintiff argues that the question of "who knew what – when – is a factual dispute." Id. at 11-12. Finally, plaintiff contends that the fabrication of evidence by Lorenzen is a basis for the Court to permit plaintiff to bring a § 1983 claim against defendant. Id. at 12-13.

In reply, defendant asserts that plaintiff's arguments about Trees #5 and #29 do not appear to be based on the protected tree report prepared by Robert Wallace, plaintiff's own arborist, in 2012, and further do not show that plaintiff "was deprived of the opportunity to litigate its case." Dkt. 127 at 2. Defendant argues that while these arguments bear no relevance to the issue before the Court, it is undisputed that Trees #5 and #29 were protected and healthy, as evidenced by plaintiff's "own facts and averments in both the administrative proceedings and the State Action." Id. at 2-4. Further, defendant asserts that Jamgotchian does not apply here because the issue before the Court is the preclusive effect of a final judgment on the merits by a state court, not an administrative decision by a state agency. Id. at 4. In fact, defendant quotes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

Jamgotchian, which states that the Full Faith and Credit doctrine requires federal courts to "give the same preclusive effect to *state court judgments* as they would be given in the state in which they are rendered." Id. at 5 (emphasis in reply) (quoting Jamgotchian, 93 F.4th at 1154). According to defendant, preclusion here "is based on the fact that the issue of fairness underlying [plaintiff's] due process and declaratory relief claims was fully and fairly litigate[d] over the course of six to seven years in the State Action," and plaintiff presented the fairness issue for decision by the Superior Court. Dkt. 127 at 5-6. Thus, defendant asserts that the Court may give preclusive effect to a state court proceeding, even when the federal action involves a § 1983 claim. Id. at 6-8. Finally, defendant argues that plaintiff's new claim for fabrication of evidence should nonetheless be dismissed, as the classification of the trees as protected was both conceded by plaintiff's own expert and determined in the state court proceedings. Id. at 8-9.

Until the TAC, plaintiff had argued that its contractor accidentally removed three protected trees—Trees #5, #29, and #30. Plaintiff now alleges that its removal of the three trees was actually permitted pursuant to the Protected Tree Ordinance. However, it is not disputed that the reports plaintiff cites were available to plaintiff in connection with the administrative hearings. If plaintiff sought to contest the classification of the three removed trees, it could have done so in the administrative and state court proceedings.[7]

---

[7] The Wallace Tree Report appears to categorize Tree #5 as a California Sycamore and Trees #29 and #30 as California Live Oaks. Dkt. 124-11, Exh. K at AR0993-94. Plaintiff alleges that Lorenzen "fabricated the evidence that [three] protected trees were intentionally cut down when he would have known by plain view that at least [two] of the trees were not protected." Dkt. 125 at 12-13. To the extent plaintiff is suggesting that the judgment below was obtained by fraud because of Lorenzen's fabrication of evidence, the rule as to fraud in California is that "[f]raud by a party will not undermine the conclusiveness of a judgment unless the fraud was extrinsic, *i.e.*, it deprived the opposing party of the opportunity to appear and present his case." Morales v. City of Los Angeles, 66 F. App'x 128, 129 (9th Cir. 2003) (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1175 (Ct. App. 1983)). Because the fabrication of evidence constitutes intrinsic fraud, Lorenzen's alleged fabrication of evidence may not invalidate the judgment. See Cedars-Sinai Med. Ctr. v. Superior Ct., 18 Cal. 4th 1, 10 (1998) ("[A] final judgment may not be directly attacked and set aside on the ground that evidence has been suppressed, concealed, or falsified; in the language of the cases, such fraud is 'intrinsic' rather than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

In addition, plaintiff's new allegations appear to contradict its own allegations in the prior complaints that conceded that the three trees in question were improperly removed. See TAC ¶ 21 ("Tree 29 is not [a] protected Black Walnut - it is a[n] unprotected Wild Lilac[.]"); see also TAC ¶ 26 ("Tree 5 was properly removed so as to permit [p]laintiff's other permits to be properly complied with to proceed with the development of the property and to permit access to the property from the front gate entrance to the otherwise landlocked property."); TAC ¶ 28 ("Tree 5 was not identified as one of the Sycamores that are protected as many Sycamores are unprotected. And this Sycamore has no leaves rendering its status as a Sycamore unlikely."); TAC ¶ 30 ("It was alleged by [d]efendant that Tree 30 was improperly removed. It is identified by snapshot in the Wallace Report but it is depicted in a lush area where it cannot be shown that any tree that was removed would affect the holistic woodland requirements of the City of Los Angeles.").

In its December 11, 2023 order, the Court specifically directed plaintiff to allege with particularity how plaintiff was denied the opportunity to fully and fairly litigate its due process claim in the state court proceedings. While plaintiff has added allegations in the TAC regarding Lorenzen's alleged misclassification of the removed trees, plaintiff has not offered any new factual support for its contention that it did not have a full and fair opportunity to litigate its claims in the state court proceedings. Plaintiff relies upon Jamgotchian to argue that the Court may not give preclusive effect to an administrative agency decision. However, the issue before the Court is whether preclusive effect should be given to a state court final judgment on the merits. See dkts. 106, 117. The factual issue of whether the three trees in question were protected was determined in the state court proceedings. As the Court of Appeal stated in its opinion, it was "undisputed" that plaintiff's contractor cut down "three protected trees that were not permitted for removal[,]" namely, Trees #5, #29, and #30. Dkt. 96, RJN, Exh. C at 5. Instead, plaintiff argues that plaintiff's contractor removed the three protected trees accidentally. Id. at 2, 8, 12. Plaintiff may not now seek to relitigate the protected status of those trees. Because plaintiff has not alleged facts that would permit the Court to conclude that plaintiff was deprived of a full and fair opportunity to litigate its due process claim in the state court proceedings, the Court finds that plaintiff is precluded from asserting its due process

---

'extrinsic.'"); see also Dixon v. State Bar of California, 32 F. App'x 355, 356-57 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-07148-CAS (AGRx) | Date | April 11, 2024 |
|---|---|---|---|
| Title | *SULLIVAN EQUITY PARTNERS, LLC V. CITY OF LOS ANGELES, ET AL.* | | |

claim in this action.  Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's due process claim with prejudice.

### B. The Second Claim of the TAC Also Fails

Because plaintiff's first claim for relief is barred by the doctrine of issue preclusion, plaintiff's second claim for declaratory relief also fails.  Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's claim for declaratory relief with prejudice.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss the TAC with prejudice.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |